CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 10 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO. 7:03CR00128 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DONALD MILTON BOYSAW, | ) | By: Hon. James C. Turk |
| Defendant. | ) | Senior United States District Judge |

Defendant Donald Milton Boysaw, proceeding pro se, moves the court to reduce his sentence, pursuant to 18 U.S.C. § 3582(c) and other statutory provisions. Upon review of the record, the court must deny the motion.

Boysaw asserts that he is entitled to be resentenced, because after the final judgment was entered in his case in December 1, 2006, the United States Sentencing Commission amended the United States Sentencing Guidelines ("USSG"), effective November 1, 2007, to alter the way that certain prior convictions may be counted in calculating a defendant's Criminal History Category under the USSG. The Commission designated this change to the USSG as Amendment 709. See USSG Manual app. C (2007). Boysaw's claim has no merit.

Subsection (c)(2) of § 3582 authorizes a court to modify a term of imprisonment

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

However, the applicable USSG policy statement authorizes a reduction based only on guidelines amendments that are listed in USSG § 1B1.10.[1] Amendment 709 is not listed in section 1B1.10(c)

---

[1] The applicable policy statement reads:

Where a defendant is serving a term of imprisonment, and the guideline range

and, therefore, may not be applied retroactively as grounds for a sentence reduction under § 3582 for an inmate sentenced before the amendment. United States v. McHan, 386 F.3d 620 (4th Cir. 2004) (citing United States v. Armstrong, 347 F.3d 905, 909 (5th Cir. 2003) ("We agree with several of our sister circuits [2d, 3d, 6th, 8th, 10th] that have established a bright-line rule that amendments in § 3582(c) motions may be retroactively applied *solely where expressly listed under § 1B1.10(c).*") (emphasis added). Accordingly, a reduction of Boysaw's sentence, based on Amendment 709, is not consistent with Sentencing Commission policy and is not authorized. The other statutory provisions that Boysaw cites also fail to provide authorization for this court to change a sentence already imposed.

For the stated reasons, it is hereby **ORDERED** that the defendant's motion for reduction of sentence (Dkt. No. 149), pursuant to 18 U.S.C. § 3582(c), is **DENIED**.

The Clerk is directed to send a copy of this order to the defendant at his current place of incarceration and to counsel of record for the government.

ENTER: This 9th day of January, 2008.

/s/ James C. Turk
Senior United States District Judge

---

applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582 is not consistent with this policy statement and thus not authorized.*

U.S.S.G. § 1B1.10(a) (emphasis added).

Case 7:03-cr-00128-SGW-mfu   Document 151   Filed 01/10/08   Page 2 of 2   Pageid#: 332