CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 2 3 2009

JOHN F. CORCORAN, CLERK
BY: _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **Criminal Case No. 7:03cr00128-1** |
| | ) | |
| **v.** | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| **DONALD MILTON BOYSAW.** | ) | **By: Samuel G. Wilson** |
| | ) | **United States District Judge** |

In this 28 U.S.C. § 2255 motion, Donald Milton Boysaw challenges his conviction and sentence of 180 months for possessing a firearm and ammunition as a convicted felon. Boysaw maintains that his sentence was improperly enhanced under the Armed Career Criminal Act, Pub. L. No. 98-473, 98 Stat. 2185 (codified at 18 U.S.C. § 924(e)), and that trial and sentencing counsel provided ineffective assistance on several grounds. This matter is before the court on respondent's motion to dismiss. The court finds that the United States Court of Appeals for the Fourth Circuit already determined that Boysaw's sentence was not improperly enhanced, and also finds that his claims of ineffective assistance of counsel have no merit. Accordingly, the court grants respondent's motion to dismiss.

## I.

On September 12, 2003, federal agents executed a search warrant at Boysaw's residence, and found a loaded .32 caliber revolver, as well as 9 mm, 10 mm, .22 caliber, .32 caliber, .38 caliber, and shotgun shell ammunition in the residence. On September 18, 2003, a grand jury in the Western District of Virginia returned an indictment charging Boysaw with possessing a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On October 21, 2003, a grand jury returned a two-count superseding indictment, charging Boysaw with possessing a firearm and ammunition as a convicted felon, both in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At his arraignment on February 6, 2004, a jury trial was set for March 24, 2004. On March 18, 2004, Boysaw moved to continue his trial. The

court granted his motion and rescheduled the trial for May 4, 2004. On May 4, 2004, Boysaw again moved to continue the trial. The court again granted his motion and re-set the trial for June 8, 2004. On June 8, 2004 Boysaw's jury trial began. At trial, Boysaw's defense focused on discrediting the government's officers who testified against him. After one day of trial, the jury returned guilty verdicts as to both counts of the superseding indictment. After trial, but before his sentencing, Boysaw indicated to the court that he no longer wished to be represented by his counsel, John Dalton, Jr., and requested the appointment of new counsel. Dalton then moved to withdraw as counsel. On August 27, 2004, the court held a hearing to determine the status of Boysaw's legal representation. At that hearing, Boysaw told the court that he would retain the legal services of Myles Hilton. Accordingly, the court granted Dalton's motion to withdraw, and Hylton entered an appearance in the case. The United States Probation Office then prepared a presentence investigation report ("PSR") and determined that Boysaw qualified as a armed career criminal, pursuant to 18 U.S.C. § 924(e), based on his four prior convictions for serious drug offenses. On November 15, 2004, the court sentenced Boysaw as an armed career criminal to a total of 188 months incarceration.

Boysaw appealed, challenging, inter alia, his armed career criminal classification and asserting that his sentence was imposed in violation of United States v. Booker, 543 U.S. 221 (2005). The United States Court of Appeals for the Fourth Circuit affirmed his conviction and armed career criminal classification, but vacated his sentence and remanded it to this court for re-sentencing under Booker. United States v. Boysaw, 198 Fed. App'x 321 (4th Cir. 2006). Upon re-sentencing, the court sentenced Boysaw to 180 months, the mandatory minimum. Boysaw's direct appeals were unsuccessful. Boysaw v. United States, 266 Fed. App'x 284 (4th Cir. 2008); cert. denied, 128 S. Ct. 2981 (2008).

In his instant § 2255 motion, Boysaw claims that the court improperly enhanced his sentence

under the Armed Career Criminal Act. He also alleges that both trial counsel and sentencing counsel provided ineffective assistance on many grounds.

## II.

Boysaw claims that the court improperly enhanced his sentence under the Armed Career Criminal Act; however, Boysaw already raised this claim on direct appeal and the Fourth Circuit rejected it. Therefore, the court dismisses this claim.

A federal habeas petitioner ordinarily cannot relitigate issues that have already been decided on direct review. Withrow v. Williams, 507 U.S. 680, 720-21 (1993); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims fully considered on direct appeal cannot be reconsidered on collateral attack); Herman v. United States, 227 F.2d 332 (4th Cir. 1955) (§ 2255 motion may not raise questions that were fully considered on appeal). On direct appeal, Boysaw challenged his qualification as a armed career criminal, and the Fourth Circuit found that this court properly determined his qualification based on his three separate Virginia convictions in 1983 for distributing cocaine, a schedule II drug, in violation of Va. Code Ann. § 18.2-248. Boysaw, 198 Fed. App'x at 324. Because Boysaw cannot relitigate this claim in habeas review, the court dismisses it.

## III.

Boysaw also raises several claims of ineffective assistance of trial and sentencing counsel. However, the court finds that none of his claims meet both the performance and prejudice prongs of Strickland v. Washington, 466 U.S. 668, 669 (1984), and, therefore, the court dismisses them.

To establish an ineffective assistance of counsel claim, Boysaw must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by counsel's alleged deficient performance. Strickland v. Washington, 466 U.S. 668, 669 (1984); see also Williams

3

v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 506 U.S. 885 (1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011 (1978). In addition to proving deficient performance, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance; that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697). Boysaw has not demonstrated ineffective assistance of either trial or sentencing counsel.

## A.

Boysaw alleges that the United States offered him a plea agreement but that his trial attorney never informed him of the offer. He further alleges that had he known of the government's offer, he would have accepted it. Assuming, without finding, that counsel did not inform Boysaw of the proposed plea agreement, and assuming, without finding, that Boysaw would have entered into the plea agreement, the court finds that Boysaw has not shown prejudice, and therefore, his claim fails.

The proposed plea agreement that Boysaw claims his counsel failed to disclose was not a Rule 11(c)(1)(C) plea and, thus, would not have bound the court. Ultimately, the court would have been constrained to impose the 15-year mandatory minimum sentence provided for by the Armed Career

4

Criminal Act. 18 U.S.C. § 924(e); United States v. Crittendon, 883 F.2d 326, 330-31 (4th Cir. 1989) (district court has no power to review "reasonableness" of fifteen-year mandatory minimum in a particular case or to impose a lesser sentence). To this day, Boysaw claims that he was not properly classified as an armed career criminal. Under the circumstances, there is not a reasonable probability that he would have persisted with a guilty plea upon learning that he would have been sentenced to not less than 15 years. Consequently, even assuming without deciding, that counsel failed to communicate the plea offer to Boysaw, and therefore performed deficiently, Boysaw cannot demonstrate prejudice.

## B.

Boysaw argues that trial counsel was ineffective in failing to raise an insanity defense. This claim fails, however, because Boysaw has failed to demonstrate prejudice resulting from counsel's alleged deficient performance.

According to a memorandum from trial counsel's file, a Florida attorney representing Boysaw on other charges had two psychological reports indicating that Boysaw was insane in 1999 and Boysaw was scheduled for a third psychological evaluation in Florida on October 17, 2003. According to the PSR prepared in this court, Boysaw had a history of anxiety attacks and "could possibly benefit" from mental health counseling. Trial counsel "was never aware of any facts or circumstances that suggested [Boysaw's] mental condition was an issue." (Dalton Aff. at 2.) Assuming without deciding that counsel's performance was deficient, the court finds that Boysaw has not demonstrated prejudice as a result of counsel's failure to raise an insanity defense.

To prevail on an insanity defense in a federal criminal case, a defendant must show that "at the time of the commission of the acts constituting the offense, the defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18

5

U.S.C. § 17. The defendant bears the burden of proving insanity by clear and convincing evidence. Id. Although the Florida reports apparently indicated that Boysaw was insane in 1999, no evidence suggests that he was insane four years later, when he was found in possession of firearms in 2003. Boysaw likewise does not allege that he was suffering from severe mental disease or defect at that time or that he was unable to appreciate the nature and quality or the wrongfulness of his acts.[1] Moreover, Boysaw has not alleged anything to suggest that, had counsel raised an insanity defense, there is a reasonable probability that it would have been successful. In fact, asserting a weak insanity defense could have hurt his counsel's credibility, therefore undermining counsel's primary defense strategy of discrediting the government officers who testified against Boysaw. See McWee v. Weldon, 283 F.3d 179, 187-88 n.2 (4th Cir. 2002) (noting that a weak insanity defense can hurt the credibility of the defense counsel, thus interfering with the chosen defense strategy). Therefore, the court finds that Boysaw has not demonstrated prejudice and his claim of ineffective assistance on this ground must be dismissed.[2]

## C.

Boysaw claims that trial counsel was ineffective in failing to subpoena nine witnesses, but he only lists two of these purported potential witnesses and only identifies these two by title, not by name.

[1] The Florida attorney's letter also indicates that an August 2003 evaluation found Boysaw incompetent to stand trial. According to the PSR prepared in this court, Boysaw had three psychological evaluations while he was awaiting trial in Florida, one finding him competent, one finding him incompetent, and the other unknown to the probation officer. Boysaw does not mention the results of the third examination in his instant motion. Boysaw does not claim that counsel was ineffective for failing to challenge Boysaw's competency to stand trial, and the court finds that these evaluations have no bearing on his instant claim because, as the Supreme Court has recognized, "there are significant differences between a claim of incompetence and a plea of not guilty by reason of insanity." Medina v. California, 505 U.S. 437, 448 (1992).

[2] The court notes that the circumstances of this case differ from those that the Fifth Circuit confronted in Profitt v. Waldron, 831 F.2d 1245 (5th Cir. 1987). In Profitt, the court granted habeas relief based on ineffective assistance because petitioner's counsel failed to investigate an insanity defense despite his knowledge that the crimes alleged had been committed just after petitioner had escaped from a mental institution. In Profitt, unlike here, a court had adjudicated the defendant insane and committed him to a mental institution just eight months before his trial for the crime for which he sought habeas relief, the petitioner committed that crime after escaping from the mental institution, and the petitioner was "totally defenseless" absent an insanity plea. Id. at 1247-48.

6

The only witnesses which Boysaw argues counsel should have called were a doctor, to testify as to his mental state, and a firearms expert, to prove that his firearm was made in Virginia in 1871 and never left Virginia. Boysaw does not even allege who the other seven witnesses that counsel should have subpoenaed were or what they could have testified to and, thus, he has not shown deficient performance by counsel or prejudice as a result of counsel not calling those seven unknown witnesses.

With regard to the doctor, Boysaw does not allege, and provides no evidence, that a doctor could in fact testify in his favor regarding his mental state and, therefore, the court finds his claim speculative at best and dismisses it. With regard to the firearms expert, an expert in the Commonwealth of Virginia's Division of Forensic Science's lab found that the .32 caliber revolver found in Boysaw's residence was a firearm as defined in 18 U.S.C. § 921(a)(3) and that the revolver was manufactured outside the Commonwealth of Virginia. Boysaw does not provide the name of a purported witness who would have contradicted the government's expert, evidence of that person's expertise, the nature of the examination he performed, or any other evidence that would refute the government's lab report. Moreover, "[t]he decision whether to call a defense witness is a strategic decision demanding the assessment and balancing of perceived benefits against perceived risks, and one to which [the court] must afford . . . enormous deference." United States v. Terry, 366 F.3d 312, 317 (4th Cir. 2004), citing United States v. Kozinski, 16 F.3d 795, 813 (7th Cir. 1994). Accordingly, the court finds that Boysaw has not demonstrated that counsel's performance was deficient and, thus, the court dismisses this claim.

### D.

Boysaw states that trial counsel was ineffective in failing to discuss the stipulations to elements of the crimes with Boysaw before entering into them with the United States. Boysaw complains that

7

counsel stipulated as to all of the elements of the case, leaving nothing for the jury to decide. However, this is simply not true. Counsel stipulated that Boysaw had previously been convicted of a crime punishable by a term exceeding one year, and that the firearm and ammunition had traveled in interstate commerce. The issue of whether Boysaw knowingly possessed the firearm and ammunition was left to the jury to determine. Making a stipulation is regarded as a tactical decision. Estelle v. McGuire, 502 U.S. 62, 69 (1991). Counsel is afforded wide latitude in making tactical decisions. Strickland, 466 U.S. at 689. In response to Boysaw's claim, counsel stated in his affidavit that he stipulated to these elements of the crime based on his belief that letting the government put on a string of credible expert witnesses would damage Boysaw's case and divert focus of the jury away from the real issue in the case, that of possession. Based on the lab report by the Commonwealth of Virginia's Division of Forensic Science, which concludes that the firearm was manufactured outside the Commonwealth of Virginia, and based on Boysaw's criminal record, it appears to the court that counsel acted on a credible legal strategy in stipulating to elements that the government could very likely prove. Accordingly, the court finds that Boysaw has not shown deficient performance by counsel and his claim fails.

### E.

Boysaw also argues that trial counsel was ineffective for failing to move to dismiss his case under the Speedy Trial Act of 1974, Pub. L. No. 93-619, 88 Stat. 2076 (codified as amended at 18 U.S.C. §§ 3161-3174) (2000). However, Boysaw has not demonstrated that counsel's performance was deficient or that he suffered prejudice as a result of counsel's alleged error, and therefore, his claim fails.

Under the Speedy Trial Act, a defendant facing felony charges must be brought to trial within seventy days of the later of his indictment or his initial appearance before a judicial officer. 18 U.S.C. § 3161(c)(1). "In determining this 70-day period, the day of the event that triggers the [Speedy Trial

8

Act] clock, i.e., the filing or opening of the indictment or the initial appearance, is not included in the calculation; the clock begins to run the following day." United States v. Stoudenmire, 74 F.3d 60, 63 (4th Cir. 1996). Also excluded from this seventy day period are delays resulting from other proceedings concerning defendant, 18 U.S.C. § 3161(h)(1); any pretrial motion, from the filing of the motion through the disposition of the motion, id. at § 3161(h)(1)(D), Stoudenmire, 74 F.3d at 63; and a continuance at the request of the defendant, "if the judge granted the continuance on the basis of his findings that the ends of justice served taking such action outweigh the best interest of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A). The day of the arraignment is also excluded from the seventy day period. Stoudenmire, 74 F.3d at 63.

In this case, Boysaw was initially indicted on September 18, 2003. On October 7, 2003, Boysaw was taken into custody by Florida state authorities, after his bond was revoked on pending charges in that jurisdiction. On October 10, 2003, at a status conference, the court stayed Boysaw's federal case pending his state proceedings in Florida. Boysaw was then convicted of his pending Florida charges on February 2, 2004 and returned to Roanoke, Virginia thereafter. On February 6, 2004, the court arraigned Boysaw on his federal charges and set a jury trial for March 24, 2004. On March 18, 2004, defendant moved for a continuance of his trial arguing that counsel needed more time to prepare for trial. The court found the interests of justice served by the granting of a continuance outweighed the best interests of the public and the defendant in a speedy trial and, thus, granted the continuance until May 4, 2004. On May 4, 2004, defendant again moved for a continuance citing the need for additional time to prepare for trial. The court again found the interests of justice served by the granting of a continuance outweighed the best interests of the public and the defendant in a speedy trial and, thus, granted the continuance until June 8, 2004. Boysaw's trial began on June 8, 2004.

9

Pursuant to the Speedy Trial Act and applicable case law, the calculation of the seventy day period excludes the delays from October 10, 2003 through February 2, 2004, on February 6, 2004, from March 18, 2004 though May 4, 2004, and from May 4, 2004 through June 8, 2004. Accordingly, the speedy trial time clock ran from September 19, 2003 through October 9, 2003 (21 days), February 3, 2004 through February 5, 2004 (3 days), and February 7, 2004 through March 17, 2004 (40 days), resulting in a total of 64 days between Boysaw's indictment and trial. Therefore, no violation of the Speedy Trial Act occurred and the court finds that counsel was not ineffective in failing to move to dismiss the case on that ground.

## F.

Boysaw alleges that trial counsel was ineffective in failing to notify the court of information that could demonstrate that Boysaw was not an armed career criminal and in failing to meet with the probation officer to review the PSR. Boysaw claims that had counsel met with the probation officer, he could have prevented the error of Boysaw being classified as an armed career criminal. However, the court has already found, and the Fourth Circuit has already affirmed the finding, that Boysaw is an armed career criminal, and this court cannot re-litigate that issue now. Further, the information which Boysaw claims counsel failed to produce, a printout from an unknown source showing that Boysaw's criminal record consists of only two convictions, is insufficient to refute the evidence on which the Fourth Circuit found his classification proper. Accordingly, the court finds that Boysaw has not demonstrated ineffective assistance under Strickland and his claims fail.

## G.

Boysaw complains that trial counsel failed to object to the government's introduction of evidence relating to drugs and drug paraphernalia at trial and that trial counsel failed to move for a

10

mistrial on this ground. However, the transcript reveals that the court <u>sua sponte</u> cautioned the jury that Boysaw was not on trial for drug offenses and that the jury should only consider evidence about the firearm and ammunition offenses in determining Boysaw's guilt or innocence. Juries are presumed to heed and follow cautionary or limiting instructions. <u>United States v. Jones</u>, 907 F.2d 456, 460 (4th Cir. 1990). Boysaw has not alleged anything or provided any evidence to overcome this presumption. Therefore, the court finds that Boysaw has not shown any prejudice as a result of counsel's alleged deficient performance.

### H.

Boysaw alleges that trial counsel was ineffective in failing to file an appeal upon Boysaw's request. However, Boysaw concedes that he filed a timely appeal on his own. Therefore, the court finds no prejudice as a result of counsel's allegedly deficient performance.

### I.

Boysaw claims that trial counsel provided ineffective assistance when he advised Boysaw that his maximum possible sentence was 48 months and that his sentence would not be enhanced under the Armed Career Criminal Act. Even assuming counsel did erroneously predict that outcome of Boysaw's case, his claim nevertheless fails. Boysaw cannot show that counsel's erroneous prediction resulted in Boysaw giving up any rights that he otherwise would not have given up or that the prediction actually had an impact on the outcome of the case. Accordingly, the court finds that he has not shown prejudice as a result of counsel's alleged deficient performance.

### J.

Boysaw contends that trial counsel was ineffective when he approached the prosecutor nine times during trial regarding instructions and states that this behavior was "detrimental to the adversarial

11

process." He also claims that counsel was ineffective in failing to meet with him prior to trial to prepare. However, he does not allege how he was prejudiced by counsel not meeting with him or by counsel approaching the prosecutor during trial. The court finds that these allegations are far too vague and conclusory to demonstrate either deficient performance or prejudice under Strickland, and thus, his claims fail.

## K.

Boysaw argues that trial counsel was ineffective in instructing Boysaw's son to plead Fifth Amendment protection when he was called as a witness. According to the trial transcripts, it was actually counsel for the United States, not defense counsel, who asked the court to advise Boysaw's son of his Fifth Amendment rights. Therefore, the court finds that Boysaw has not established deficient performance by counsel as to this claim.

## L.

Boysaw alleges that counsel failed to object to the government's motion in limine as to the ownership of the firearm. The standard of proof in a charge under 18 U.S.C. § 922(g) is whether the accused possessed the firearm. A person possesses an object if he is able to exercise dominion and control over that object. E.g. United States v. Branch, 537 F.3d 328, 343 (4th Cir. 2008) (noting that "[a] person has constructive possession over contraband when he has ownership, dominion, or control over the contraband itself or over the premises or vehicle in which it [is] concealed.") (internal quotations and citations omitted). A person may possess an object that he does not actually own, and ownership, or lack thereof, does not preclude possession. Therefore, the court finds that making this distinction to the jury was correct. Accordingly, inasmuch as there was no obvious basis for an objection, the court cannot find counsel's failure to object rises to the level of deficient performance.

12

Clanton v. Bair, 826 F.2d 1354, 1359 (4th Cir. 1987) (finding that counsel is not ineffective for failing to raise an objection or make a motion for which there is "no obvious basis").

## M.

Boysaw alleges that trial counsel was ineffective in failing to inform Boysaw of a letter from an attorney in Florida advising counsel of the "true" ownership of the firearm. The letter to which Boysaw refers is a letter from an attorney in Florida apparently representing Boysaw on charges brought against him in that state. In the letter, the attorney states that Boysaw told her that the firearm belonged to his son. Since Boysaw was the source of the information, the court finds that Boysaw has not demonstrated prejudice in counsel's alleged failure to notify him of the letter, since Boysaw already knew the information contained in the letter. Accordingly, his claim is dismissed.

## N.

Boysaw also raises several claims of ineffective assistance by sentencing counsel Hylton. His claims include that counsel was not familiar with the Sentencing Guidelines or the Armed Career Criminal Act; counsel was not familiar with Boysaw's case and needed more time to prepare; counsel was not knowledgeable as to the penalties Boysaw was facing; counsel was "incapable of properly defending" Boysaw at sentencing; and counsel relied on a fax cover letter from the Assistant United States Attorney which stated that the AUSA could not think of any enhancements that would apply to Boysaw, but failed to bring that fax cover letter to the attention of the court or Boysaw. As a result of all these alleged deficiencies in counsel's performance, Boysaw simply argues that he was wrongly classified as an armed career criminal. However, this court and the Fourth Circuit have already determined that Boysaw was not wrongfully classified and nothing suggests that this court should revisit that issue. Further, as Boysaw had an opportunity to reargue his sentencing claims when his case was

13

remanded under <u>Booker</u>. Therefore, the court finds that Boysaw has not alleged any prejudice as a result of counsel's alleged ineffective assistance at his first sentencing hearing and, thus, the court dismisses Boysaw's claims of ineffective assistance of sentencing counsel.

**IV.**

For the reasons stated herein, the court grants respondent's motion to dismiss.

**ENTER**: This 23rd day of June, 2009.

_____
United States District Judge

14