CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 15 2010

JOHN F. CORCORAN, CLERK
BY: /s/
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 7:03CR00128-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DONALD MILTON BOYSAW | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a motion by Donald Milton Boysaw filed on June 8, 2010, pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure seeking to vacate this court's June 23, 2009, judgment order denying his motion pursuant to 28 U.S.C. § 2255. The Court finds that the motion is for all intents and purposes an unauthorized, successive § 2255 motion.

I.

Boysaw was tried and convicted of possessing a firearm and ammunition as a convicted felon, and the court enhanced his sentence under the Armed Career Criminal Act, Pub. L. No. 98-473, 98 Stat.2185 (codified at 18 U.S.C. § 924(e)). Boysaw appealed, challenging his armed career criminal classification and asserting that his sentence was imposed in violation of United States v. Booker, 543 U.S. 221 (2002). The United States Court of Appeals for the Fourth Circuit affirmed his conviction and armed career criminal classification, but vacated his sentence and remanded it to this court for re-sentencing under Booker. United States v. Boysaw, 198 Fed. App'x 321 (4th Cir. 2006). The court resentenced Boysaw to 180 months, the mandatory minimum. Boysaw's direct appeal was unsuccessful. Boysaw v. United States, 266 Fed App'x. 284 (4th Cir. 2008), cert. denied 128 S.Ct. 2981. Boysaw then filed a motion pursuant to 28 U.S.C. § 2255 raising a host of claims, including the claim that the district court improperly

enhanced his sentence under the Armed Career Criminal Act. The court dismissed all of his claims. As to his armed career criminal classification, the court held that Boysaw could not relitigate the claim because the Court of Appeals had decided that claim on direct review. Boysaw did not appeal but rather waited nearly a full year to launch his current challenge pursuant to Rule 60(b).

## II.

Though Boysaw begins by announcing he is "contesting the integrity of the proceeding that resulted in the District Court judgment," and that his motion is not a second or successive motion, the argument he makes to justify setting aside this Court's decision, is simply an effort to relitigate and add new support to the claim Boysaw raised on direct appeal and in his § 2255 motion. In Boysaw's words "the Fourth Circuit made a huge mistake" on direct appeal concerning his armed career criminal classification, and this court did not "properly" rule on the matter when it followed the "4th Circuit and dismissed his 2255." Clearly, Boysaw's motion is an unauthorized, successive petition, and this court will dismiss it.

Generally speaking, a Rule 60(b) "motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." United States v. Weinstock, 340 F.3d 200, 207 (4th Cir. 2003). The defect Boysaw identified here is simply this: "the District Court failed to address any of the Movant's issues of enhancement and adopted the ruling of the 4th Circuit, that all issues had been litigated." However, this is not a defect in the collateral review process but an alleged error in the court's reasoning which is grist for appeal but not a § 2255 motion. Accordingly, the court dismisses

Boysaw's motion because it is successive.[1]

### III.

For the reasons stated, the court dismisses Boysaw's motion as successive.

**ENTER:** This June 14, 2010.

/s/ _____
UNITED STATES DISTRICT JUDGE

---

[1] To pursue his present claim Boysaw must first obtain certification from the Fourth Circuit Court of Appeals to file a successive § 2255 motion.